SHIVERS, Chief Judge.
The employer/carrier (E/C) appeal a workers’ compensation order awarding claimant permanent total disability (PTD) benefits. We reverse and remand.
Claimant suffered a compensable accident on November 18, 1986, leaving him with severe spinal cord injuries. The judge of compensation claims based her award of PTD benefits on: (1) the presumption in section 440.15(l)(b), Florida Statutes, of PTD in cases where claimant is paraplegic or quadriplegic; (2) medical records indicating claimant suffered from “quadriparesis” immediately following his surgery on 11/15/88; (3) case law allowing awards of PTD based on the statutory presumption from the onset of paraplegia or quadriplegia; and (4) her finding that the E/C had failed to overcome the statutory presumption of PTD. Because her award was based on the statutory presumption, the judge found that a determination of the date of maximum medical improvement (MMI) was not dispositive to the question of PTD, and made no specific finding of an MMI date. Nonetheless, the judge reviewed and compared the testimony of treating neurologist, Dr. Saiontz, regarding MMI with that of physical medicine and rehabilitation expert, Dr. Levinson. While not expressly accepting one opinion over the other, she did find Dr. Levinson’s testimony that claimant had not reached MMI to be “somewhat equivocal” and to be inconsistent with Dr. Levinson’s acknowledgment that the claimant had shown no improvement and had permanent irreparable *875 nerve damage, and rejected the E/C’s argument that claimant had not reached MMI based on the “explicit assessment of an MMI date and impairment rating by Dr. Saiontz.” (R: 201)
The judge erred in basing her award of PTD since the date of surgery on the statutory presumption. Section 440.15(l)(b) provides as follows:
Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof or paraplegia or quadriplegia shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent total disability. In all other cases, permanent total disability shall be determined in accordance with the facts. In such other cases, no compensation shall be payable under paragraph (a) if the employee is engaged in, or is physically capable of engaging in, gainful employment; and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation.
There is no evidence in the record of the instant case that claimant was ever diagnosed as paraplegic or quadriplegic, nor was there any evidence equating the diagnosis of “quadriparesis” with para- or quadriplegia or, for that matter, even defining or describing the term “quadriparesis.” Since paraplegia or quadriplegia was not established at the hearing, the award of PTD based on the statutory presumption is erroneous.
Although an award may be affirmed on appeal where the proper result is reached despite improper reasoning, we remand for further proceedings. Aside from the claimant’s testimony that he felt he was no longer capable of performing the type of heavy construction work he did prior to the accident, there is no evidence in the record to support a finding that claimant was unable to work uninterruptedly. Dr. Levin-son stated that he felt it necessary to wait until a year post-surgery to reach an opinion as to claimant’s employability; Dr. Saiontz deferred his opinion regarding em-ployability and work restrictions to Dr. Levinson; and Val Nardo, who met with claimant to determine his needs upon leaving the rehabilitation hospital, conceded that his opinion regarding employability was premature until Levinson could reach a conclusion one year post-surgery. Although registered nurse Rita Young stated that she did not feel the claimant would ever be able to work, her testimony is equivocal.
Since the judge’s award was based on the statutory presumption, she made no express finding of an MMI date and no specific acceptance of Dr. Saiontz’s testimony over that of Dr. Levinson.
We reverse and remand for further proceedings with authority to receive further evidence if necessary.
REVERSED and REMANDED.
JOANOS and MINER, JJ., concur.